IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Regina M. Hunter EL, *ADMN Estate of Samuel Hunter*<br><br>Plaintiff,<br><br>v.<br><br>Elijah Hunter, Cynthia L. Owens,<br><br>Defendants. | Case No. 3:26-cv-01818-SAC<br><br>**OPINION AND ORDER** |

This matter is before the Court on a Report and Recommendation ("Report") of the Magistrate Judge, ECF No. 5, and an Emergency Motion to Stay Writ of Ejectment, ECF No. 16. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings. For the reasons discussed below, the Court ACCEPTS the Report of the Magistrate Judge and DENIES the Emergency Motion to Stay Writ of Ejectment as MOOT.

**BACKGROUND**

Plaintiff Regina M. Hunter EL ("Plaintiff"), proceeding *pro se*, attempts to remove her underlying state court action, an appeal of a writ of ejectment issued on a September 2, 2021, by the Sumter County magistrate requiring Plaintiff to vacate her residence. ECF No. 1. Plaintiff seeks to remove the matter pursuant to 28 U.S.C. §1446, asserting her late father was the proper heir to the property she is being required to vacate but he "was not properly joined or served to the original notice to quit premises due to fraud on the court," in violation of his right to equal protection and due process. *Id.* at 1-2. On May 18, 2026, the Magistrate Judge issued a Report recommending the matter be remanded to Sumter County Court of Common Pleas for lack of subject matter jurisdiction. ECF No. 5. Specifically, the Report found the Court lacked

jurisdiction due to several procedural defects and because *Rooker-Feldman* doctrine bars lower federal courts from exercising appellate jurisdiction over final state court judgments. *Id.* The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if she failed to do so. *Id.* at 4. Plaintiff's objections were docketed on June 29, 2026. ECF No. 12. In her objections, Plaintiff argues Article III of the United States Constitution states that the judicial power of the federal courts extends to all cases arising under "U.N. Treaties" and purportedly identifies various acts and international treaties, including the Geneva Convention, the United Nations Declaration on the Rights of Indigenous Peoples, and the Indian Child Welfare Act. *Id.*

On October 19, 2026, the Clerk docketed an Emergency Motion to Stay Writ of Ejectment by Plaintiff. ECF No. 16. Plaintiff states she received a writ of ejectment informing her she has twenty-four hours to voluntarily vacate the premises, otherwise a deputy sheriff may enter the premises to effectuate the ejectment. *Id.* at 1; *see* ECF No. 16-1. Plaintiff requests this Court to stay the ejectment. ECF No. 16.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. *Mathews v. Weber*, 423 U.S. 261, 271 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Id.* The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the

recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

Because Plaintiff is proceeding *pro se*, this Court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally."). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 F. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985)).

"To trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the Court need only review for clear error "those portions which are not objected to — including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only");

*Regassa v. Warden of FCI Williamsburg*, No. 8:22-cv-466-SAL, 2023 WL 2386515, at *2 (D.S.C. Mar. 7, 2023) (concluding an objection was nonspecific because the petitioner "ignore[d] the magistrate judge's analysis and repeat[ed] the arguments he made in his opposition brief"); *Velez v. Williams*, No. 9:19-cv-03022-JMC, 2021 WL 837481, at *5 (D.S.C. Mar. 5, 2021) (reviewing for clear error only when the petitioner's objections were "rehashed, general, and non-specific"), *appeal dismissed*, 2021 WL 5879177 (4th Cir. Dec. 13, 2021). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the Magistrate Judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

## ANALYSIS

The Magistrate Judge recommends remanding this action because the Court lacks subject matter jurisdiction; Plaintiff's notice of removal does not include the state court filings and is untimely under 28 U.S.C. § 1446(b); Plaintiff's allegations under the Fourteenth Amendment do not implicate her own rights, but those of her deceased father; and the *Rooker-Feldman* Doctrine bars the Court from exercising appellate jurisdiction over the state court's writ of ejectment. ECF No. 5. In her objections, Plaintiff disregards the Magistrate Judge's analysis and instead lists federal statutes and international treaties that she suggests could confer jurisdiction, even though she did not remove the action on any of those grounds. *See* generally ECF No. 12. Accordingly, her objections fail to address the Report's findings and recommendations. Nevertheless, out of an abundance of caution for the *pro se* party, the Court has conducted a *de novo* review of the entire Report, the record, and the applicable law.

## CONCLUSION

Having thoroughly reviewed the Report and the record in this case, the Court **ACCEPTS**

the Report and Recommendation of the Magistrate Judge [ECF No. 5],and incorporates it by reference. This action is hereby REMANDED to the Sumter County Court of Common Pleas. The Court further **DENIES** Plaintiff's Emergency Motion to Stay Writ of Ejectment [ECF No. 16] as **MOOT**.

**IT IS SO ORDERED**.

United States District Judge

October 20, 2026
Columbia, South Carolina